FILED

2008 Apr-16  PM 01:16
U.S. DISTRICT COURT
N.D. OF ALABAMA

*JS 44  (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| CSX Transportation, Inc. | Alabama Department of Revenue<br>Tim Russell, Commissioner |
| (b) County of Residence of First Listed Plaintiff  Duval, Florida<br>(EXCEPT IN U.S. PLAINTIFF CASES) | County of Residence of First Listed Defendant<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE<br>LAND INVOLVED. |
| (c) Attorney's (Firm Name, Address, and Telephone Number)<br><br>See Attached List | Attorneys (If Known) |

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government
       Plaintiff

☒ 3  Federal Question
       (U.S. Government Not a Party)

☐ 2  U.S. Government
       Defendant

☐ 4  Diversity
       (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                           and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place<br>of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place<br>of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a<br>Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1  Original
       Proceeding

☐ 2  Removed from
       State Court

☐ 3  Remanded from
       Appellate Court

☐ 4  Reinstated or
       Reopened

☐ 5  Transferred from
       another district
       (specify)

☐ 6  Multidistrict
       Litigation

☐ 7  Appeal to District
       Judge from
       Magistrate
       Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
49 U.S.C. Section 11501
Brief description of cause:
Action to enjoin discriminatory state taxation

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
     UNDER F.R.C.P. 23

DEMAND $ Injunctive
& Declaratory Relief

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

Norfolk Southern v. Department of Revenue

JUDGE  Harwell G. Davis, III   DOCKET NUMBER  2:08-cv-00285-HGD

DATE  APRIL 14, 2008

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #            AMOUNT            APPLYING IFP            JUDGE            MAG. JUDGE

James W. McBride
BAKER, DONELSON, BEARMAN,
 CALDWELL & BERKOWITZ
555 Eleventh Street, N.W., 6th Floor
Washington, D.C. 20004
Telephone:   (202) 508-3400
Fax:            (202) 508-3402

Stephen D. Goodwin
BAKER, DONELSON, BEARMAN,
 CALDWELL & BERKOWITZ
First Tennessee Bank Building
165 Madison Avenue, Suite 2000
Memphis, TN 38103
Telephone:   (901) 526-2000
Fax:            (901) 577-2303

Forrest Hinton
BAKER, DONELSON, BEARMAN,
 CALDWELL & BERKOWITZ
Wachovia Tower
420 Twentieth Street North, Suite 1600
Birmingham, AL 35203
Telephone:   (205) 328-0480
Fax:            (205) 322-8007



# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

**CSX TRANSPORTATION, INC.,**

    **Plaintiff,**

v.

                          **Case No.**

**ALABAMA DEPARTMENT OF**
**REVENUE and TIM RUSSELL,**
**Commissioner of the Alabama Department**
**of Revenue,**

                         CV-08-C-0655-S

    **Defendants.**

---

## COMPLAINT FOR INJUNCTIVE AND
## DECLARATORY RELIEF FROM DISCRIMINATORY
## STATE TAXATION

---

1.    This is a civil action seeking to restrain and enjoin defendants, and all those acting in concert or participating with them, from assessing, levying, or collecting from plaintiff Alabama sales and use taxes on plaintiff's purchase or consumption of diesel fuel and gasoline used for rail transportation purposes in Alabama.

2.    Plaintiff contends that defendants' imposition of Alabama sales and use taxes on diesel fuel and gasoline purchased and used for rail transportation purposes is discriminatory and unlawful under Section 306 of the Railroad Revitalization and Regulatory Reform Act of 1976, Pub. L. No. 94-210, 90 Stat. 54 (February 5, 1976), now codified as 49 U.S.C. § 11501 and referred to herein as "Section 306."  Plaintiff also seeks a declaratory judgment pursuant to 28 U.S.C. § 2201 that defendants' imposition of sales and use taxes on the purchase and

consumption of diesel fuel and gasoline for rail transportation purposes in Alabama violates Section 306.

## JURISDICTION

3.      Jurisdiction of this Court is based upon the following grounds:

(a)      Section 306(1), which confers jurisdiction upon district courts of the United States to prevent a state, subdivision of a state, or any governmental entity or person acting for a state or subdivision, from imposing discriminatory taxes on common carriers by rail;

(b)      28 U.S.C. §1331 [as more fully appears herein, this action arises under the U. S. Constitution, Art I, §8, Cl. 3 (Commerce Clause), and Amend. XIV, and presents a federal question].

## VENUE

4.      The defendants have offices in this district, and a substantial number of the actions complained of have and will occur in this district, and thus venue lies in this Court under 28 U.S.C. §1391(b).

## PARTIES

5.      Plaintiff CSX Transportation, Inc. ("CSXT") is a Virginia corporation with its principal place of business located in Jacksonville, Florida. CSXT is engaged in interstate commerce as a common carrier by railroad.

2

6.     The Alabama Department of Revenue ("Department") is the department of the State of Alabama charged with the responsibility to administer and collect taxes within Alabama, including the administration of sales and use taxes.

7.     Defendant Tim Russell is the Commissioner of Revenue of the State of Alabama ("Commissioner"), and is named in this action in his official capacity only.  As Commissioner, Mr. Russell exercises general supervision over administration of the assessment and taxation laws of Alabama, including those imposing sales and use taxes.

## ALABAMA SALES AND USE TAXES

8.     Generally, Alabama imposes sales tax on the gross receipts from the business of selling at retail or renting tangible personal property, or of furnishing entertainment.

9.     The sales tax is imposed on retailers, including operators of places of amusement.

10.     Although it is collected from retailers, the Alabama sales tax is conclusively presumed to be a direct tax on the retail consumer, and is precollected from retailers for convenience and facility only.  Ala. Code § 40-23-26(c)(2003 Repl.).

11.     Alabama imposes a use tax on the storage, use or consumption of tangible personal property in Alabama.  Ala. Code §40-23-60(2003 Repl.), *et seq*.

12.     The Commissioner, acting through the Alabama Department of Revenue, collects and administers Alabama sales and use taxes.

13.     Revenues from the Alabama sales and use tax are deposited in the State Treasury for disposition as allocated in Ala. Code § 40-23-35 and 40-23-85 (2003 Repl.).  Railroads are not express beneficiaries of the sales and use taxes they pay to the State.

3

14.     Railroads are subject to sales or use tax on either their purchase or consumption or use of diesel fuel in this State. The tax is imposed by the State at the rate of 4%, plus additional amounts imposed at varying rates by many Alabama counties and municipalities.

15.     CSXT holds a direct pay permit issued by the Department and pays state and local use taxes upon its use or consumption of diesel fuel within this State.

16.     The principal competitors to rail carriers in the transportation of property in interstate commerce in the State of Alabama are on-highway motor carriers of property in interstate commerce ("motor carriers") and carriers of property in interstate commerce by ships, barges and other vessels ("water carriers"). Air carriers also are engaged in the transportation of property in interstate commerce in the State of Alabama, but only marginally compete with rail carriers due to the relatively small size and weight of the property transported by air carriers.

17.     Motor carriers are exempt from sales or use tax on the purchase or consumption of diesel fuel in the State of Alabama. Ala. Code §§ 40-17-2(1)(2003 Repl.).

18.     Water carriers are exempt from sales or use taxes on their purchase or consumption of diesel fuel in the State of Alabama used for interstate transportation. Ala. Code § 40-23-4(a)(10)(2003 Repl.)(sales tax); Ala. Code § 40-23-62(12)(2003 Repl.)(use tax). While water carriers are subject to sales and use tax on fuel used for intrastate shipments, only 0.5% of water carriage tonnage is intrastate.

19.     Fuel costs incurred in the transportation of property in interstate commerce are a major annual operating expense of rail carriers, motor carriers and water carriers

## SECTION 306

20.     Section 306 (a copy of which is attached hereto) declares that discriminatory taxation of transportation property by states, political subdivisions of a state, or governmental

4

entities or persons acting on behalf of such states or subdivisions, is unlawful and constitutes an unreasonable and unjust discrimination against, and an undue burden on, interstate commerce. Section 306 states, in part:

> (1) . . . [A]ny action described in this subsection is declared to constitute an unreasonable and unjust discrimination against, and an undue burden on, interstate commerce. It is unlawful for a State, a political subdivision of a State, or a governmental entity or a person acting on behalf of such State or subdivision to commit any of the following prohibited acts:
>
> ****[Subsections (a) through (c) deal with discriminatory property taxes.]
>
> **(d)** **The imposition of any other tax which results in discriminatory treatment of a common carrier by railroad subject to this part.**

(Emphasis added.)

## PLAINTIFF'S SECTION 306 CLAIM

21.     CSXT restates by reference the allegations of paragraphs 1 through 20 of this complaint.

22.     CSXT is a "common carrier by railroad" within the meaning of Section 306(1)(d).

23.     CSXT's principal competitors are motor carriers and water carriers.

24.     Ships and barges are not subject to any Alabama sales and use taxes on their purchase and consumption of petroleum products used for transportation purposes other than for intrastate transportation, which is *de minimis*.

25.     Motor carriers are not subject to sales and use taxes on their purchase or consumption of petroleum products used for transportation purposes.

26.     The imposition of Alabama sales and use taxes on CSXT's purchase and consumption of diesel fuel and gasoline used for rail transportation purposes is discriminatory and unlawful under Section 306(1)(d) where motor carriers and water carriers are not subject to

5

sales and use taxes on their purchase and consumption of diesel fuel and gasoline used for transportation purposes.

27.     CSXT is being required to pay taxes in violation of Section 306(1)(d) by the Commissioner.  CSXT has ceased to pay this discriminatory and illegal tax.  By letter dated January 2, 2008, CSXT notified the Alabama Department of Revenue and several local jurisdictions that it would not be paying further sales and use taxes on diesel fuel purchases because of recent federal precedent finding such taxes violative of Section 306.  CSXT has reasonable cause to believe that the Commissioner will violate Section 306(1)(d) by bringing proceedings to assess and enforce payment of the tax.

28.     Unless the Department and the Commissioner, and all those acting in concert or participating with them are preliminarily and permanently enjoined from assessing, levying, or collecting sales and use taxes from CSXT or from CSXT's vendors on CSXT's purchase and consumption of diesel fuel and gasoline for rail transportation purposes, CSXT will be compelled to pay substantial discriminatory taxes wrongfully imposed in violation of Section 306(1)(d).

WHEREFORE, CSXT requests that this Court:

(1)     Preliminarily and permanently enjoin the defendants,  and all those acting in concert or participating with them, from assessing, levying, or collecting sales and use taxes from CSXT or from any person paying on behalf of CSXT on its purchase or consumption of diesel fuel and gasoline for rail transportation purposes; and

(2)     Preliminarily and permanently enjoin the defendants, and all those acting in concert or participating with them, from instituting any proceedings to assess, levy, or collect any amount of sales and use taxes, interest, or penalties that the defendants might assert to be due

6

and owing from CSXT on its purchase or consumption of diesel fuel and gasoline for rail transportation purposes; and

(3)   Declare that defendants' imposition of Alabama sales and use tax on CSXT's purchases or consumption of diesel fuel and gasoline for rail transportation purposes violates Section 306(1)(d); and

(4)   Award plaintiff its costs and such further equitable relief to which it may be entitled.

James W. McBride
BAKER, DONELSON, BEARMAN,
  CALDWELL & BERKOWITZ
555 Eleventh Street, N.W., 6th Floor
Washington, D.C. 20004
Telephone:   (202) 508-3400
Fax:              (202) 508-3402

Stephen D. Goodwin
BAKER, DONELSON, BEARMAN,
  CALDWELL & BERKOWITZ
First Tennessee Bank Building
165 Madison Avenue, Suite 2000
Memphis, TN 38103
Telephone:   (901) 526-2000
Fax:              (901) 577-2303

J. Forrest Hinton
BAKER, DONELSON, BEARMAN,
  CALDWELL & BERKOWITZ
Wachovia Tower
420 Twentieth Street North, Suite 1600
Birmingham, AL 35203
Telephone:   (205) 328-0480
Fax:              (205) 322-8007

By: _____
Attorneys for Plaintiff

7

M SDG 1079176 v1
2783740-000033 04/11/2008

Section 306 of the
Railroad Revitalization and Regulatory Reform Act of 1976
Pub. L. No. 94-210, 90 Stat. 54 (Feb. 5, 1976)

(1) Notwithstanding the provisions of section 202(b), any action described in this subsection is declared to constitute an unreasonable and unjust discrimination against, and an undue burden on, interstate commerce. It is unlawful for a State, a political subdivision of a State, or a governmental entity or person acting on behalf of such State or subdivision to commit any of the following prohibited acts:

(a) The assessment (but only to the extent of any portion based on excessive values as hereinafter described), for purposes of a property tax levied by any taxing district, of transportation property at a value which bears a higher ratio to the true market value of such transportation property than the ratio which the assessed value of all other commercial and industrial property in the same assessment jurisdiction bears to the true market value of all such other commercial and industrial property.

(b) The levy or collection of any tax on an assessment which is unlawful under subdivision(a).

(c) The levy or collection of any ad valorem property tax on transportation property at a tax rate higher than the tax rate generally applicable to commercial and industrial property in the same assessment jurisdiction.

(d) The imposition of any other tax which results in discriminatory treatment of a common carrier by railroad subject to this part.

(2) Notwithstanding any provision of section 1341 of title 28, United States Code, or of the constitution or laws of any State, the district courts of the United States shall have jurisdiction, without regard to amount in controversy or citizenship of the parties, to grant such mandatory or prohibitive injunctive relief, interim equitable relief, and declaratory judgments as may be

necessary to prevent, restrain, or terminate any acts in violation of this section, except that—

(a) such jurisdiction shall not be exclusive of the jurisdiction which any Federal or State court may have in the absence of this subsection;

(b) the provisions of this section shall not become effective until 3 years after the date of enactment of this section;

(c) no relief may be granted under this section unless the ratio of assessed value to true market value, with respect to transportation property, exceeds by at least 5 per centum the ratio of assessed value to true market value, with respect to all other commercial and industrial property in the same assessment jurisdiction;

(d) the burden of proof with respect to the determination of assessed value and true market value shall be that declared by the applicable State law; and

(e) in the event that the ratio of the assessed value of all other commercial and industrial property in the assessment jurisdiction to the true market value of all such other commercial and industrial property cannot be established through the random-sampling method known as a sales assessment ratio study (conducted in accordance with statistical principles applicable to such studies) to the satisfaction of the court hearing the complaint that transportation property has been or is being assessed or taxed in contravention of the provisions of this section, then the court shall hold unlawful an assessment of such transportation property at a value which bears a higher ratio to the true market value of such transportation property than the assessed value of all other property in the assessment jurisdiction in which is included such taxing district and subject to a property tax levy bears to the true market value of all such other property, and the collection of any ad valorem property tax on such transportation property at a tax rate higher than the tax rate generally applicable to taxable property in the taxing district.

(3) As used in this section, the term—

(a) "assessment" means valuation for purposes of a property tax levied by any taxing district;

(b) "assessment jurisdiction" means a geographical area, such as a State or a county, city, township, or special purpose district within such State which is a unit for purposes of determining the assessed value of property for ad valorem taxation;

(c) "commercial and industrial property" or "all other commercial and industrial property" means all property, real or personal, other than transportation property and land used primarily for agricultural purposes or primarily for the purpose of growing timber, which is devoted to a commercial or industrial use and which is subject to a property tax levy; and

(d) "transportation property" means transportation property, as defined in regulations of the Commission, which is owned or used by a common carrier by railroad subject to this part or which is owned by the National Railroad Passenger Corporation.