IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **CSX TRANSPORTATION, INC.,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| **vs.** ) | |
| ) | Civil Action Number |
| **ALABAMA DEPARTMENT OF REVENUE** ) | **2:08-cv-0655-UWC** |
| **and TIM RUSSELL, in his official capacity** ) | |
| **as Commissioner of the Alabama Department** ) | |
| **of Revenue,** ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION ON PLAINTIFF'S
MOTION FOR A PRELIMINARY INJUNCTION**

Under 49 U.S.C. § 11501(b)(4), Section 306 (1)(d) of the Railroad Revitalization and Regulatory Reform Act of 1976 ("the 4-R Act"), Plaintiff CSX Transportation Inc. ("CSXT") seeks a preliminary injunction against Defendants Alabama Department of Revenue ("the Department") and Revenue Commissioner Tim Russell's assessment, levy, and collection of a state tax the purchase or use of diesel fuel in this State. For the reasons which follow, the Court finds and concludes that the injunction should issue.

I

CSXT is a Virginia Corporation with its principal place of business in

Jacksonville, Florida. It is engaged in interstate commerce as a common carrier by railroad. The Department has the responsibility of administering and collecting Alabama state taxes, including the administration of sales and use taxes. Commissioner Russell ("the Commissioner"), sued only in his official capacity, exercises general supervision over the Department.

Alabama imposes a general sales tax on the gross receipts of retail businesses. *See* ALA. CODE 40-23-26(c)(2003 Repl.). Even though the tax is collected from retailers, it is considered a direct tax on the consumer. ALA CODE. 40-23-26©. Alabama also imposes a use tax on the storage, use, or consumption of tangible personal property in Alabama. ALA. CODE. § 40-23-60.

Under Alabama law, railroads are subject to a four percent (4%) sales or use tax on either their purchase, consumption, or use of diesel fuel in Alabama. This tax is assessed and collected by the Department. Moreover, counties and municipalities in Alabama may impose additional sales and use taxes which parallel the sales and use tax imposed by the State. Revenues from the sales and use taxes are deposited in the Alabama state treasury for the general revenue fund. ALA. CODE §§ 40-23-35.

The principal competitors to rail carriers in the transportation of interstate commerce in Alabama are on-highway motor carriers and water carriers (ships,

barges, and other vessels.[1]  Water carriers are exempt from diesel fuel sales or use taxes. Motor carriers likewise are not subject to diesel fuel sales and use taxes.

Fuel costs incurred in the transportation of property in interstate commerce are a major annual operating expense of rail carriers, motor carriers, and water carriers[2].

Beginning in November 2007, CSXT discontinued paying sales and use taxes on diesel fuel in Alabama.  On January 2, 2008, it notified the Department and appropriate county and municipal officials of its decision.

On May 30, 2008, the Shelby County Business Revenue office sent to CSXT a notice that it had been assessed $107,243.99 as use taxes on estimated diesel fuel purchases, due payable within thirty days.

This action was commenced on April 14, 2008.

II

---

[1] Air carriers also transport property in interstate commerce within the State of Alabama, but due to the relatively small size and weight of air-transported property, the competition with rail carriers is marginal.

[2] For the years 2006 and 2007, CSXT paid the following sales and use taxes on its purchases of diesel fuel in Alabama:

| Year | State taxes | City/County taxes | Total |
| --- | --- | --- | --- |
| 2006 | $1,898,649.88 | $2,209,650.56 | $4,108,300.44 |
| 2007 | $1,511,052.84 | $1,511,238.80 | $3,022,291.64 |

Doc. 11, Motion for Leave to File Supplement, Exh. I, Affidavit of Vickie Friedman, p. 2.

Two issues are presented for the Court's consideration. :The first issue is whether, under the "4-R Act, the proper comparator class for determining discriminatory taxation *vel non* is the "other commercial and industrial taxpayers" standard or the "competitive mode class," *i.e.*, CSXT's direct competitors. The second is whether there is "reasonable cause to believe" that the challenged diesel fuel tax discriminates against CSXT .

### A. The Comparison Class

The 4-R Act provides, in relevant part:

> (b) The following acts unreasonably burden and discriminate against interstate commerce , and a State, subdivision of a State, or authority acting for a State or subdivision of a State may not do any of them:
>
> > (1) Assess rail transportation property at a value that has a higher ratio to the true market value of the rail transportation property than the ratio that the assessed value of other commercial and industrial property in the same assessment jurisdiction has to the true market value of the other commercial and industrial property.
> >
> > (2) Levy or collect a tax on an assessment that may not be made under paragraph (1) of this subsection.
> >
> > (3) Levy or collect an ad valorem property tax on rail transportation property at a tax rate that exceeds the tax rate applicable to commercial and industrial property in the same assessment jurisdiction.
> >
> > (4) Impose another tax that discriminates against a rail carrier providing transportation....

49 U.S.C. §11501(B).

> The Supreme Court has noted the remedial purpose of the statute::
>
> Congress enacted the 4-R Act in part to "restore the financial stability of the railway system of the United States." § 101(a), 90 Stat. 33. When drafting the legislation, Congress was aware that the railroads "'are easy prey for State and local tax assessors' in that they are 'nonvoting, often nonresident, targets for local taxation,' who cannot easily remove themselves from the locality." Western Air Lines, Inc. v. Board of Equalization of S.D., 480 U.S. 123 (1987) (quoting S. Rep. No. 91-630, p.3 (1969)).

*Dept of Revenue v. ACF Indus. Inc.*, 510 U.S. 33, 336 (1994).

In seeking to protect the Railroads from discrimination, the 4-R Act, I n subsections 306(1)(a) through (1)(c), specifically refers to taxes on other "commercial and industrial property" as the proper comparator class. *See* attached § 306. This limitation, however, is not included in subsection 306(1)(d), which is at issue here and which "is indeed intended as a catchall provision to prevent discriminatory taxation of a railroad carrier by any means." *Alabama Great Southern Railroad Company v. Eagerton*, 663 F.2d 1036, 1040 (11th Cir. 1981) (citing *Ogilvie v. State Bd. of Equalization*, 657 F.2d 204, 210 (8th Cir. 1981) (emphasis added).

Therefore, in order to determine whether the Alabama tax here is discriminatory, it is first necessary to determine the proper comparator class, i.e., whether the tax on the railroad should be compared to taxes levied on other

commercial and industrial taxpayers or whether it should be compared only to the taxes levied on the railroad's competitors.

## A. The Comparison Class

While the circuits are split,[3] and the Eleventh Circuit has not directly addressed the issue, it seems to the court that the better view is that of the Eighth Circuit.

First, if Congress had intended to limit the operation of subsection 4 to "commercial or industrial" classes, it easily could have done so – as it did in the preceding three subsections.

Moreover, the utilization of the competitive mode class furthers the remedial

---

[3] *See, Atchison, Topeka, and Santa Fe Ry. Co. v. State of Arizona*, 78 F.3d 438 (9th Cir. 1996), where the Ninth Circuit held that "the comparison class of 'commercial and industrial taxpayers subject to the tax' must be used in analyzing the Arizona tax scheme because a narrow comparison class, comprised only of "motor carriers," would result in preferential treatment for railroads." *Id.* at 442. The Fifth Circuit agrees. *See, Kansas City S. Ry. v. Mcnamara*, 817 F.2d 368, 375 (5th Cir. 1987). Judges in the Middle District of Alabama and a magistrate judge of this court have also adopted the "commercial and industrial mode" as the appropriate class. *See, Alabama Great Southern Railway Co. v. Eagerton*, 541 F. Supp 1084, 1085 (M.D. Ala. 1982); *Burlington Northern Sante Fe Ry. Co. v. Monroe*, No. 97-D-1754-N, M.D. Ala (August 10, 1998); *Norfolk Southern Ry. Co. v. Alabama Department of Revenue*, N.D. Ala. No. 2:08-cv-00285-HGD, N.D. Ala, Doc. 17, p.20.

On the other hand, the Eighth Circuit, in *Burlington Northern Santa Fe Ry. Co. v. Lohman*, 193 F.3d 984 (8th Cir. 1999), *cert. denied*, 529 U.S. 1098 (2000), held that the appropriate comparison class should be comprised of the railroad's direct competitors, characterized as "the competitive mode class."

purpose of the R-4 Act by affording maximum protection to railroads from discriminatory taxation. As *Lohman* points out: "if too broad of a comparison class is chosen, the railroads will be placed at a competitive disadvantage that would defeat the purpose of the statute–financial stability." *Burlington Northern Santa Fe Ry. Co. v. Lohman*, 193 F.3d at 986.

Finally, our circuit has given considerable deference to the Eighth Circuit in other cases interpreting the R-4 Act. *See, Eagerton, supra,* 633 F.2d at 1040; *Department of Revenue, State of Florida v. Trailer Train Company,* 830 F.2d 1567, 1572 (11th Cir. 1987).

In any event, the Department has conceded that "[i]n the instant case, no matter how the 'comparison class is framed, the comparison class consists of motor carriers and water carriers." Doc. 9, Response to Plaintiff's Request for Injunctive Relief, p. 5.

### B. Reasonable Cause

Because the direct competitors of the railroads do not pay diesel fuel taxes under Alabama law, it follows that there is reasonable cause to believe that the R-$ Act has been violated – i.e., the Alabama diesel fuel tax on railroads is discriminatory. *Burlington Northern Santa Fe Ry. Co. v. Lohman*, 193 F.3d 983 (8th Cir. 1999),

Conclusion

CSXT is entitled to the preliminary injunction it seeks. By separate order, it will issue.

Done the 8th day of July, 2008.

_____
U.W. Clemon
United States District Judge